```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                  :
MIRTA ELIZABETH VASQUEZ ROMERO
                                  :

     v.                           :    Civil Action No. DKC 24-556

                                  :

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.      :
```

## MEMORANDUM OPINION

Plaintiff Mirta Elizabeth Vasquez Romero filed this action on February 23, 2024, seeking to compel officers of the United States to adjudicate her application for asylum (Form I-589). (ECF No. 1). Defendants filed a motion, with a memorandum in support, to transfer this case to the United States District Court for the Eastern District of Virginia and to extend the date to respond to Plaintiff's complaint until sixty days after the court decides the motion to transfer. (ECF Nos. 9, 10). Plaintiff has not filed a response and the time to do so is now expired. For the following reasons, Defendants' motion to transfer and for an extension of time will be granted.

Since the United States Citizenship and Immigration Services ("USCIS") relocated its headquarters from the District of Columbia to Maryland in December 2020, many types of immigration cases have been filed in this district solely because the headquarters are here. In a comprehensive opinion, Judge Peter J. Messitte

explained why a case brought by nearly 200 plaintiffs seeking expedited adjudication of their employment-based visa applications would be severed into individual actions and transferred to the federal district covering the service center or field office where each application was pending.  See *Chakrabarti v. USCIS*, No: 21-CV-1945-PJM, 2021 WL 4458899 (D. Md. September 29, 2021).  Several more cases involving visa applications were transferred for reasons stated in *Manne v. Jaddou*, No. 21-CV-1947-PJM, 2022 WL 102853 (D.Md. January 11, 2022).  See also, *Dhimar v. Blinken*, No. 22-CV-2175-PJM, 2022 WL 17540972 (D.Md. December 8, 2022)(noting that more than 40 lawsuits were filed in this district challenging allegedly unreasonable delay by U.S. consulates processing visas, all of which were transferred to the United States District Court for the District of Columbia).  Plaintiff asserts venue in this court, relying solely on the location of USCIS headquarters.

A plaintiff may bring a federal action against an officer or employee of the United States in "a judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  28 U.S.C.

2

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Maryland is, by virtue of the location of USCIS headquarters, a viable venue for plaintiffs seeking to compel or review a decision on their petitions.  Defendants contend that Maryland is not the appropriate venue, however, because none of the claims relate to Maryland and the relief Plaintiff seeks will not take place in Maryland.

A party moving to transfer pursuant to § 1404 (a), "bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there.  *See Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984); *Lynch v. Vanderhoef Builders,* 237 F. Supp. 2d 615, 617 (D. Md. 2002)."  *Manne,* 2022 WL 102853, at *6. As noted in that case and in *Chakrabarti v. USCIS*, 2021 WL 4458899, *3, a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located or where the Plaintiff resides.  In this case, that would be Virginia.

In deciding a motion to transfer venue under Section 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).  The host of convenience factors a court should consider include, *inter alia*, "(1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; . . . [and (4)] avoidance of unnecessary problems with conflicts of laws." *Brown v. Stallworth,* 235 F.Supp.2d 453, 456 (D.Md. 2002) (*quoting Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622, n.4 (D.Md. 1998) (internal citations omitted)).

Defendants contend that the appropriate venue for this action is the Eastern District of Virginia and that transfer there would make more efficient use of judicial resources, is in the interests of justice, and is most convenient.  Plaintiff filed the I-589 Petition at issue at the asylum office in Arlington, Virginia. The Arlington Virginia Office is within the purview of the United States District Court for the Eastern District of Virginia.  All the documents supporting the petition, including the administrative record, are located there.  Maryland has no

4

connection with this matter other than containing USCIS' headquarters. Defendants also request an additional sixty-days to respond to Plaintiff's complaint. Defendants observe that Plaintiff resides in Alexandria, Virginia, and that this action could have been brought in the Eastern District of Virginia.

Defendants' motion to transfer will be granted. Plaintiff resides in Virginia and the administrative record is located in Virginia. Any decision would occur in Virginia. Although the District of Maryland is a possible venue, it is not the proper or most convenient venue and is therefore an inconvenient and unsuitable forum to adjudicate Plaintiff's claims. Indeed, this judicial district presents no conveniences for Plaintiff.

After considering Defendants' unopposed arguments and factors favoring transfer, this action will be transferred to the United States District Court for the Eastern District of Virginia. Defendants' request for an additional sixty days to respond to Plaintiff's complaint will also be granted. A separate order will follow.


                                                                      /s/
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge